IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY MARSILIANO,<br><br>             Plaintiff,<br><br>      v.<br><br>DR. DAVID, HCU ADMINISTRATOR JANE DOE, GRIEVANCE OFFICER JOHN DOE and DR. JOHN DOE, ,<br><br>             Defendants. | Case No. 11-cv-1036-JPG |

## **MEMORANDUM AND ORDER**

Plaintiff, formerly currently incarcerated at East Moline Correctional Center and Shawnee Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Dr. John Doe at East Moline and Dr. David at Shawnee were deliberately indifferent to his gall bladder problems. Specifically, Plaintiff claims he suffered from indigestion, pain and vomiting, and each doctor failed to recognize his problem as a gall bladder and instead treated it with ineffective medication. With respect to Dr. David, Plaintiff alleges he continued ineffective treatment for sixteen months without any improvement in Plaintiff's condition. Plaintiff faults HCU Administrator Jane Doe at Shawnee and Grievance Officer John Doe at Shawnee for failing to investigate Dr. David's provision of ineffective treatment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action:

**Count 1:** A claim against Defendants Dr. David, HCU Administrator Jane Doe and Grievance Office John Doe for deliberate indifference to medical needs in violation of the Eighth Amendment while Plaintiff was at Shawnee Correctional Center and

**Count 2:** A claim against Defendant Dr. John Doe for deliberate indifference to medical needs in violation of the Eighth Amendment while Plaintiff was at East Moline Correctional Center.

Plaintiff also makes passing reference to his Fourteenth Amendment due process rights but fails to articulate a claim for violation of those rights.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, *citing* 28 U.S.C. § 1915(b), (g). Plaintiff's complaint contains two unrelated claims against different defendants: deliberate indifference to medical needs at Shawnee by Dr. David, HCU Administrator Jane Doe and Grievance Office John Doe (Count 1) and deliberate indifference to medical needs at East Moline by Dr. John Doe (Count 2).

Consistent with *George* and Federal Rule of Civil Procedure 21, the Court **SEVERS** Count 2 of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case. The Court further directs the Clerk to add to the docket of the newly-opened case a copy of Plaintiff's complaint, the IFP application from this case and a copy of this order. Furthermore, because Count 2 arose in the Central District of Illinois, if Plaintiff elects to proceed, the new case shall be transferred to the District Court for the Central District of Illinois. Service shall not be ordered on Defendant Dr. John Doe at this time.

If for any reason, Plaintiff does not wish to proceed with the newly-opened case, he must notify the Court within 30 days. Unless Plaintiff notifies the Court that he does not wish to pursue the new action, he will be responsible for a separate filing fee in each case.

As for the instant case, Defendant HCU Administrator Jane Doe is dismissed from Count 1 with prejudice for the following reason:

- Plaintiff makes no allegations plausibly suggesting a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nothing Plaintiff alleges plausibly suggests Defendant HCU Administrator Jane Doe knew of and disregarded Plaintiff's medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Defendant Grievance Office John Doe is dismissed from Count 1 with prejudice for the following reasons:

- A Defendant who "rul[es] against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id*. No allegation suggests Grievance Office John Doe caused or contributed to the alleged violation; and

- A Defendant is generally not liable for the misdeeds of others simply because he knew about them. "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Grievance Office John Doe cannot be liable because he failed to tell the medical staff how to treat Plaintiff's ailments.

**Disposition**

The following counts are **SEVERED** into a separate action, for which the Clerk shall open a new case: Count 2. In the new case, addressing Plaintiff's deliberate indifference to medical needs claim at East Moline Correctional Center the Defendant is Dr. John Doe. Plaintiff shall notify the Court on or before October 10, 2012, if he does not wish to proceed on the new case.

The following defendants are **DISMISSED** from this action **with prejudice**:

3

      HCU Administrator Jane Doe
      Grievance Officer John Doe

The following defendants remain in the instant action:

      Dr. David

The Clerk of Court shall prepare for Defendants **DR. DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program.

Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: September 6, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
